MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2013 ME 28
Docket:       WCB-12-477
Argued:       February 12, 2013
Decided:      March 12, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

## ESTATE OF GREGORY SULLWOLD

v.

## THE SALVATION ARMY et al.

SILVER, J.

[¶1]  The Salvation Army and Chesterfield Services, Inc. have petitioned for our discretionary review of a decision of the Workers' Compensation Board (*Knopf, HO*) pursuant to 39-A M.R.S. § 322(1) (2011) and M.R. App. P. 23.[1]  The Board awarded death benefits to the Estate of Gregory Sullwold.  We conclude that the appeal is not properly before us, however, and so we dismiss the petition.

## I.  BACKGROUND AND PROCEDURE

[¶2]  On February 23, 2010, Gregory Sullwold, an employee of the Salvation Army who managed its investment portfolio, died at his home, part of which served as his office.  Sullwold's spouse filed a petition for death benefits with the Board on January 31, 2011.  A hearing officer conducted a hearing on January 19, 2012, and issued an award in favor of the Estate on May 4, 2012.

---

[1]  Maine Rule of Appellate Procedure 23 was amended effective September 1, 2012, as we describe below.

2

[¶3]  The Salvation Army sought additional findings and conclusions pursuant to 39-A M.R.S. § 318 (2012) and requested that the hearing officer report the case to the Board pursuant to 39-A M.R.S. § 320 (2011).  The hearing officer issued additional findings and conclusions on August 6, 2012, and initially declined to report the case.  Then, on August 9, 2012, after the Salvation Army's request for reconsideration, the hearing officer reported the case to the Board, which voted to deny the request for review on September 11, 2012.

[¶4]  The Salvation Army filed notices of appeal with the clerk of this Court and with the newly revived Workers' Compensation Board Appellate Division.  The Estate moved the Appellate Division to dismiss the appeal before it, and the Salvation Army moved us to stay its appeal before us until the Estate's motion was resolved.  We denied the Salvation Army's motion but noted that the parties were free to address in their submissions the issue of where the appeal was properly filed.  The Appellate Division initially issued a scheduling order but then indefinitely suspended that order pending our decision on the Salvation Army's petition.  We directed the parties to brief the merits of the appeal and the question of whether the appeal is properly before the Appellate Division or us.

## II.  DISCUSSION

[¶5]  On April 14, 2012, the Maine Legislature enacted P.L. 2011, ch. 647, which amended the Maine Workers' Compensation Act of 1992 in a variety of

ways. Legis. Rec. H-1535, S-2280 to -2281 (2d Reg. Sess. 2012). The amendments became effective August 30, 2012, the general effective date for the second regular session of the 125th Legislature. P.L. 2011, ch. 647. Pursuant to the amended Act, appeals from decisions of individual hearing officers now proceed to the Appellate Division as a matter of right and not to the Law Court on a discretionary basis. *See id*. §§ 20-21 (codified at 39-A M.R.S. §§ 321-A, 321-B, 322 (2012)).

[¶6] On August 2, 2012, we, acting as the Supreme Judicial Court, amended Maine Rule of Appellate Procedure 23 to reflect the changes in the statute. 2012 Me. Rules 13 (amending M.R. App. P. 23) (effective Sept. 1, 2012). The rules amendment order included the following transition provision:

> These amendments shall be effective and shall govern appeals from hearing officer, Appellate Division, or Workers' Compensation Board decisions published on and after September 1, 2012. Final decisions published before September 1, 2012, and not subject to post-decision motions pending on or filed after September 1, 2012, may be appealed pursuant to these Rules as in effect before September 1, 2012.

*Id.* ¶ 2.[2]

---

[2] A portion of the advisory note to the rule amendment addresses the transition provision:

> The transition provision recognizes that there may be some appeals from hearing officer decisions published before September 1. The process that applied before adoption of these amendments would apply to appeals of such decisions. It would be anticipated that when a hearing officer issues a decision before September 1, but decides a motion to reconsider, a motion to amend, or a request for further findings after September 1, the

4

[¶7]  Accordingly, all workers' compensation cases in which final decisions were entered before the effective date of the new provisions continue to be directed to the Law Court for discretionary review.  For those cases without final decisions before September 1, 2012, the initial review must go to the Appellate Division.

[¶8]  Thus, we may not review the Salvation Army's petition because the hearing officer's additional findings and conclusions, although issued on August 6, 2012, were subject to a post-decision referral to the Board pending on September 1, 2012.  The final action of the Board did not occur until September 11, 2012.  The appeal from the hearing officer's final decision is properly before the Appellate Division and not us because the Board declined review on or after September 1, 2012.

The entry is:

Petition dismissed.

new practice of appeal to the Appellate Division would govern appeals of such hearing officer rulings.

M.R. App. P. 23 Advisory Note to 2012 amend.

**On the briefs and at oral argument:**

Arthur J. Lamothe, Esq., Brunswick, for appellant The Salvation Army

G. William Higbee, McTeague Higbee, Topsham, for appellee Estate of Gregory Sullwold

Workers' Compensation Board case no. 1001339
FOR CLERK REFERENCE ONLY